Filed 1/29/24  P. v. Zeigler CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C097826 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM034238, CM034425) |
| v. | |
| ANCHALLA ANDRE ZEIGLER, | |
| Defendant and Appellant. | |

Defendant Anchalla Andre Zeigler appeals from a postconviction resentencing order under Penal Code former section 1171.1 (now § 1172.75).[1]  Appointed counsel for defendant asked this court to independently review the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, to determine whether there are any arguable issues on appeal.  We have exercised our discretion to conduct such a review and will affirm the trial court's order.  (See, e.g., *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232.)

---

[1]     Undesignated section references are to the Penal Code.

1

BACKGROUND

In case No. CM034425, defendant shot the victim in the chest after an argument. Police conducted a parole search of defendant's home and found the gun used in the shooting, leading to case No. CM034238. In 2011, both cases were tried before a jury, which found defendant guilty of possession of a firearm as a convicted felon (former § 12021, subd. (a)(1)) and possession of ammunition as a convicted felon (former § 12316, subd. (b)(1)) in case No. CM034238, and attempted voluntary manslaughter (§§ 664, 192, subd. (a)) and assault with a firearm (§ 245, subd. (a)(2)) in case No. CM034425. In case No. CM034425, the jury also found true allegations defendant personally used a firearm (§ 12022.5, subd. (a)) and inflicted great bodily injury (§ 12022.7, subd. (a)). The trial court then found true allegations defendant had served two prior prison terms (§ 667.5, subd. (b)). The trial court sentenced defendant to 18 years eight months in state prison.

In March 2022, defendant filed a petition for resentencing under former section 1170.95. The trial court denied the petition but set a hearing under former section 1171.1 to consider resentencing based on the prior prison term enhancements. In the interim, defendant filed a petition for writ of habeas corpus, which was also denied because defendant had not yet exhausted his available remedies.

In December 2022, the trial court held a resentencing hearing. The parties stipulated to defendant's criminal history as set forth in the original probation report and agreed the trial court could take judicial notice of the court's files related to defendant's criminal history. The trial court struck the two prior prison term enhancements.

Noting defendant was less than 26 years old at the time of the offense, the trial court considered but rejected the imposition of a lower term sentence because it would not be in the interest of justice given the aggravating factors. In particular, the trial court noted defendant's prior convictions were of increasing seriousness, defendant had poor performance on probation, had served prior prison terms, and had committed the offense

2

while he was on parole.  The trial court imposed a 16-year eight-month sentence, composed of the middle term of three years for the assault with a firearm count, eight months (one-third the middle term) for the possession of a firearm count, 10 years (the upper term) for the personal firearm use enhancement, and three years for the great bodily injury enhancement.  The trial court also imposed a three-year sentence for the attempted voluntary manslaughter count, stayed under section 654, and a one-year concurrent sentence for the possession of ammunition count.

The trial court declined to exercise its discretion to strike either of the enhancements under section 1385, saying the crime involved great violence and a high degree of cruelty, viciousness, or callousness, and defendant engaged in conduct that indicated a serious danger to society.  Noting defendant's criminal history, as well as several violent rule violations defendant had received while incarcerated, the trial court found striking the enhancements would not be in the furtherance of justice and would endanger public safety.

The court imposed the mandatory minimum fines and fees and recalculated defendant's custody credits.

Defendant filed a timely notice of appeal in case No. CM034238, and this court construed the notice of appeal to include case No. CM034425.

DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have passed, and defendant has not filed a supplemental brief.

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous."  (*People v. Delgadillo,*

*supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*People. v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) While *Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under section 1172.6, it explicitly declined to apply its holding to other postconviction motions. (*Delgadillo*, at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"].) As such, we will exercise our discretion to conduct an independent review of defendant's case for any arguable issues.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                  /s/              
                  EARL, P. J.

We concur:

     /s/            
RENNER, J.

     /s/            
ASHWORTH, J.*

---

\*     Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.